UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

HEATHER SANTIAGO,

    Plaintiff,

v.                                    Case No. 3:21-cv-886-MMH-MCR

OFFICER SHAWN SWAIN, et al.,

    Defendant.

**O R D E R**

**THIS CAUSE** is before the Court on Plaintiff's Motion for Reconsider [sic] of Order Granting Summary Judgment in Favor of Defendant Sellers (Doc. 68; Motion), filed November 20, 2023.[1] Citing Rule 54(b) of the Federal

---

[1] The Court notes that Santiago's counsel has failed to comply with Local Rule 3.01(g), Local Rules of the United States District Court for the Middle District of Florida (Local Rule(s)), regarding the duty to confer. In the Motion, counsel states that he "conferred with Defendant's counsel . . . in an unrelated email regarding [the Motion for Taxation of Costs.]" Motion at 19. However, it appears as though counsel never conferred with defense counsel as to this Motion. Indeed, counsel stated that he "will confer again with [defense counsel] and get his position and amend the motion as to his position now that the motion has been completed." Id. This is not how Rule 3.01(g) works. Specifically, Rule 3.01(g) requires a movant to confer "[b]efore filing a motion in a civil action[.]" Local Rule 3.01(g)(1) (emphasis added). Although there is an exception when "the opposing party is unavailable before the motion's filing," counsel does not assert that defense counsel was unavailable, nor does he acknowledge the requirement that the movant diligently try to contact opposing counsel "for three days" after filing the motion. Id. § 3.01(g)(3). Moreover, counsel informed the Court that he would amend the Motion to include defense counsel's position, but to date, no such amendment has been filed. In fact, it does not appear as though defense counsel has been contacted at all. See Response at 3–4 ("[Counsel] then concludes the Motion for Reconsideration with a Certification Pursuant to Local Rule 3.01(g), representing to the Court he would confer with Counsel for Deputy Sellers when, in fact, that never happened."). Counsel is advised that in the future his failure to comply with the Local Rules may result in

Rules of Civil Procedure (Rule(s)), Plaintiff Heather Santiago seeks reconsideration of the Court's Order (Doc. 64; Dismissal Order) granting summary judgment in favor of Defendant Deputy Phillip Sellers. See Motion at 1. On December 27, 2023, Deputy Sellers filed a response in opposition to the Motion. See Defendant Deputy Phillip Sellers' Response to Plaintiff's Motion for Reconsideration (Doc. 72; Response). Accordingly, this matter is ripe for review.

## I. Standard of Review

A motion to alter or amend a judgment may be filed pursuant to Rule 59(e).[2] Rule 59(e) affords the Court discretion to reconsider an order which it has entered. See Mincey v. Head, 206 F.3d 1106, 1137 (11th Cir. 2000); O'Neal v. Kennamer, 958 F.2d 1044, 1047 (11th Cir. 1992). "The only grounds for granting a Rule 59 motion are newly[ ]discovered evidence or manifest errors of law or fact." Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007) (per curiam) (quotations and citations omitted). This Court has interpreted those

---

sanctions. Therefore, counsel is strongly advised to familiarize himself with the Local Rules before practicing before the Court again.

[2] The Federal Rules of Civil Procedure do not specifically provide for the filing of a motion for reconsideration. Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991); Controlled Semiconductor, Inc. v. Control Systemation, Inc., No. 6:07-cv-1742-Orl-31KRS, 2008 WL 4459085, at *1 (M.D. Fla. Oct. 1, 2008). However, although Santiago moves for reconsideration under Rule 54(b), it is widely recognized that Rule 59(e) (which governs motions "to alter or amend a judgment") encompasses motions for reconsideration. Controlled Semiconductor, Inc., 2008 WL 4459085, at *1 (citing 11 Charles Alan Wright, Arthur R. Miller, & Mary K. Kane, Federal Practice & Procedure 2d § 2810.1 (2007)). Thus, the Court will analyze the Motion under Rule 59(e).

parameters to include "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." Lamar Advertising of Mobile, Inc. v. City of Lakeland, 189 F.R.D. 480, 489 (M.D. Fla. 1999). For example, reconsideration may be appropriate where "the Court has patently misunderstood a party." O'Neill v. Home Depot U.S.A., Inc., 243 F.R.D. 469, 483 (S.D. Fla. 2006).

The purpose of Rule 59 is not to ask the Court to reexamine an unfavorable ruling in the absence of a manifest error of law or fact. See Jacobs v. Tempur-Pedic Int'l., Inc., 626 F.3d 1327, 1344 (11th Cir. 2010). As such, Rule 59(e) cannot be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Michael Linet, Inc. v. Village of Wellington, 408 F.3d 757, 763 (11th Cir. 2005). Additionally, motions to alter or amend "should not be used to raise arguments which could, and should, have been made before the judgment was issued." O'Neal, 958 F.2d at 1047. Indeed, permitting a party to raise new arguments on a motion for reconsideration "essentially affords a litigant 'two bites of the apple.'" Am. Home Assurance Co. v. Glenn Estess & Assocs., Inc., 763 F.2d 1237, 1239 (11th Cir. 1985); see also Mincey, 206 F.3d at 1137 n.69; Mays v. U.S. Postal Service, 122 F.3d 43, 46 (11th Cir. 1997) (per curiam) ("[A] motion to reconsider should not be used by the parties to set forth new theories of law."). Accordingly, the Eleventh Circuit Court of Appeals has held

that the "[d]enial of a motion for reconsideration is especially sound when the party has failed to articulate any reason for the failure to raise the issue at an earlier stage of the litigation." Sanderlin v. Seminole Tribe of Fla., 243 F.3d 1282, 1292 (11th Cir. 2001) (internal quotations and citation omitted). Moreover, "[w]hen evaluating a motion for reconsideration, a court should proceed cautiously, realizing that 'in the interests of finality and conservation of scarce judicial resources, reconsideration of a previous order is an extraordinary remedy to be employed sparingly.'" United States v. Bailey, 288 F. Supp. 2d 1261, 1267 (M.D. Fla. 2003) (citation omitted).

**II. Discussion**

In the Motion, Santiago does not argue that reconsideration is warranted because there has been an intervening change in the law, nor does she argue that newly discovered evidence has become available. Instead, she contends only that the Court committed clear error in its application of the law, and that reconsideration of the Dismissal Order is necessary to prevent a manifest injustice. Motion at 7. Upon review of the parties' briefing and the applicable law, the Court finds that the Motion is due to be denied.

First, Santiago argues that the Court "failed to consider the litany of cases that have not" found constructive possession, and that "in counsel's humble opinion," the Court "has misapprehended the law with regard to exclusive and joint possession, as well as dominion and control." Id. In support

of this contention, Santiago cites to numerous cases that were not previously presented to the Court at summary judgment. Id. at 9, 12, 13. These cases do not show that the Court misapprehended the law, but only that Santiago disagrees with the way that the Court applied the law to the facts of her case. As such, Santiago is foreclosed from relitigating these issues a second time around. See Village of Wellington, 408 F.3d at 763 (Rule 59(e) cannot be used "to relitigate old matters").

Second, Santiago argues that in the Dismissal Order the Court improperly assumed a fact in favor of Deputy Sellers that was contrary to the evidence and was genuinely disputed. Motion at 15. Specifically, Santiago contends that the alleged contraband found in her car was not "a green leafy substance consistent with 'synthetic marijuana,'" but was instead a "white powder." Id. Notably, Santiago never identified this as a disputed fact at summary judgment. In fact, Santiago stated in her "statement of material undisputed facts" that "Officer Goodwin [sic] then cut the objects, essentially tampering with evidence, to determine the contents and discovered synthetic marijuana (AKA Spice)." See Plaintiff's Response to Defendant Deputy Phillip Sellers' Motion for Summary Judgment at 3–4 (Doc. 54). Plaintiff also identified the fact that Deputy Sellers arrested her "based on the information . . . obtained from [Officer Godwin] regarding his discoveries" as undisputed. Id. at 5. Santiago cannot now pivot, and claim that a dispute

exists as to whether Officer Godwin knew that the contraband was synthetic marijuana. Indeed, if "counsel was licking at the chops for the opportunity to cross examine [Officer] Godwin with the actual photograph of the substance[,]" certainly counsel would have raised this issue as a disputed fact for trial. Motion at 15. But, because counsel did not dispute that Officer Godwin knew the substance to be synthetic marijuana, this issue cannot be raised for the first time as a basis to reconsider the Dismissal Order. See Sanderlin, 243 F.3d at 1292 ("Denial of a motion for reconsideration is especially sound when the party has failed to articulate any reason for the failure to raise the issue at an earlier stage of the litigation.").

Third, Santiago argues that the Court erred by misapplying the law regarding the testing of marijuana. Motion at 17. Specifically, Santiago acknowledges that natural marijuana does not need physical testing to determine whether it is contraband because an officer can rely on their own senses. Id. But counsel contends, for the first time in the Motion, that synthetic marijuana does need physical testing because it cannot be readily ascertained to be contraband. Id. In support of this contention, counsel attaches media articles from the internet describing the differences between natural marijuana and synthetic marijuana. Id. at 21–57. However, these articles were never provided to the Court at summary judgment, nor was this a legal theory that was ever advanced. See Mays, 122 F.3d at 46 ("[A] motion

to reconsider should not be used by the parties to set forth new theories of law."). Even if Santiago had raised this argument, "counsel acknowledges that the case law is sparse with regard to the sufficiency of expertise needed for the 'naked eye' to establish that a substance is synthetic marijuana[.]" Motion at 18. Despite this, "counsel avers that where it is a manner of first impression within this jurisdiction, then the trial court should not side with qualified immunity, but side with that of the aggrieved Plaintiff." Id. Counsel is incorrect. Indeed, that is the exact opposite of how qualified immunity works. See Reichle v. Howards, 566 U.S. 658, 664 (2012) (emphasis added) ("Qualified immunity shields government officials from civil damages liability unless the official violated a statutory or constitutional right that was clearly established at the time of the challenged conduct.").

### III.   Conclusion

Because Santiago has not satisfied the requirements of Rule 59(e), the Court will deny her Motion. Additionally, because Santiago has settled the claims she brought against the remaining Defendants, the Court finds that there is no just reason for delay in the entry of judgment as to Deputy Sellers. As such, the Court will direct the Clerk of the Court to enter judgment in his favor. But, the parties shall still file a proper request for dismissal, signed by all parties, with regard to the claims Santiago has settled against Defendants Shawn Swain and Jim Godwin.

Accordingly, it is

**ORDERED:**

1. Plaintiff's Motion for Reconsider [sic] of Order Granting Summary Judgment in Favor of Defendant Sellers (Doc. 68) is **DENIED**.

2. Pursuant to Rule 54(b), having found no just reason for delay, the Clerk of the Court is directed to enter **JUDGMENT** in favor of Defendant Phillip Sellers and against Plaintiff Heather Santiago.

3. To accomplish the dismissal of Plaintiff's claims against Defendants Swain and Godwin, the parties are again directed to file an amended request for dismissal on or before **April 1, 2024**.[3]

**DONE AND ORDERED** in Jacksonville, Florida this 29th day of March, 2024.

_____
MARCIA MORALES HOWARD
United States District Judge

Lc32
Copies to:
Counsel of Record

---

[3] The Court reminds the parties that the amended request for dismissal must be signed by all parties who have appeared in this action.